O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3761 AHM (SSx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | JON M. LEFEBVRE v. COUNTY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On June 9, 2008, Plaintiff filed an action in this Court against the County of Los Angeles, Sheriff Deputy D. Lewey, Sergeant McGalley, Officer Cooley, and ten Does (collectively "the County Defendants"). Plaintiff also sued his ex-wife, Alice Lefebvre, and her mother, Nancy Toothman (collectively "the Private Defendants"). Plaintiff alleges that the County Defendants violated 42 U.S.C. §§ 1983 and 1988 by causing the unfounded issuance of a warrant for his arrest because of their faulty investigation of statements made by Alice Lefebvre and Nancy Toothman, and by causing his subsequent restraint, arrest, seizure, imprisonment, and prosecution without probable cause. Plaintiff alleges that *all* of the Defendants are liable for state law claims of false arrest and imprisonment, negligence, intentional infliction of emotional distress, violation of California Civil Code § 52.1, and malicious prosecution.[1] The Complaint's alleged bases for this Court's jurisdiction are federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Compl. ¶ 1.

On November 26, 2008, Defendant Alice Lefebvre filed a motion to strike the

---

[1] To be precise, it not obvious that Plaintiff alleges malicious prosecution against Alice Lefebvre and Nancy Toothman. Although the heading for the malicious prosecution claim includes "Lafebvre [sic]" and Toothman, and the claim incorporates all of the preceding allegations, none of the allegations stated under this claim refer specifically to Mesdames Lafebvre and Toothman. In light of this Order declining supplemental jurisdiction over the claims against the Private Defendants, the Court need not decide the consequences of this ambiguity.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3761 AHM (SSx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | JON M. LEFEBVRE v. COUNTY OF LOS ANGELES, et al. | | |

claims against her. The motion is based upon the alleged applicability of California's litigation privilege. On January 6, 2009, this Court took the motion under submission.

After examining the allegations of the Complaint, the Court now has come to the conclusion that it is not prudent for it to exercise supplemental jurisdiction over the state law claims against Alice Lefebvre and Nancy Toothman because those claims predominate over the federal claims against the County Defendants. The Court therefore DISMISSES without prejudice the claims against Alice Lefebvre and Nancy Toothman. This dismissal is conditional upon those defendants filing a statement in this case that if Plaintiff sues them in state court they will not assert a statute of limitations defense based on or in any way encompassing the period of time that has elapsed since this case was filed. Such statements shall be filed by not later than March 23, 2009.

## I. DISCUSSION

In *United Mine Workers v. Gibbs*, the United States Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) when "[t]he state law claim[s] . . . derive from a common nucleus of operative fact" and the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. 715, 725-26 (1966). All of Plaintiff's claims, including the federal claims against the County Defendants, derive from the events leading up to his arrest for alleged threats of violence against Alice Lefebvre. The Court therefore has supplemental jurisdiction over Plaintiff's state law claims.

But a district court may decline to assert supplemental jurisdiction over a state law claim that substantially predominates over the claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(2). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 727. Generally, a district court will find substantial predomination where "it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id.*

In this case, the state law claims against the Private Defendants substantially

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3761 AHM (SSx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | JON M. LEFEBVRE v. COUNTY OF LOS ANGELES, et al. | | |

predominate over the federal claims, which are brought only against the County Defendants. The federal claims are based upon Constitutional violations and are brought under 42 U.S.C. §§ 1983 and 1988. The elements and facts required to establish these claims against a public entity and its employees are substantially different from those required to impose liability on private individuals for the state law claims of false arrest, negligence, intentional infliction of emotional distress, violations of California Civil Code § 52.1, and malicious prosecution. Although it is possible to bring a § 1983 claim against a private individual who allegedly acted under the color of state law, there is not even an allegation in this case that Alice Lefebvre or Nancy Toothman were effectively state actors. Nor do the Private Defendants need to remain in this case in order for Plaintiff to prove his claims against the County Defendants. In fact, the parties may very well stipulate to the content of whatever statements the Private Defendants made to the County Defendants, and even if there were no stipulation Plaintiff could call Alice Lefebvre and Nancy Toothman to testify as witnesses.

Thus, the court finds that state law claims against the Private Defendants substantially predominate over Plaintiffs' federal claims against the County Defendants and constitute the "real body" of the case against the Private Defendants. Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims against Alice Lefebvre and Nancy Toothman, and DISMISSES the claims against them without prejudice. However, the Court will maintain jurisdiction over Plaintiff's federal and state law claims against the County Defendants.

In light of this Order, Alice Lefebvre's motion to dismiss[2] is VACATED as moot.

///
///
///
///
///
///

---

[2] Docket No. 22.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3761 AHM (SSx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | JON M. LEFEBVRE v. COUNTY OF LOS ANGELES, et al. | | |

On January 8, 2009, the Court vacated the scheduling conference that was calendared for January 12, 2009. The Court now sets this matter for a scheduling conference on **April 20, 2009** at 1:30 p.m. The parties must file a revised Joint Rule 16(b) Report not later than one week before the scheduling conference. The parties' other obligations with respect to the scheduling conference are set forth in the Court's September 19, 2008 Order Setting Rule 16(b) Scheduling Conference.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer    se